UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DICKMAN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendant. | Case No. 17-cv-02042-EMC<br><br>**ORDER OF SERVICE**<br><br>Docket No. 1 |

Plaintiff, a prisoner at San Quentin State Prison, has filed this *pro se* action under the Freedom of Information Act , 5 U.S.C. § 552 ("FOIA"), and the Privacy Act, 5 U.S.C. § 552a, seeking agency records from the United States Department of Justice's Federal Bureau of Investigation (FBI) consisting of "G.P.S. tracking records that were recorded, without a warrant, by the FBI and San Diego, California City Police Department on July 21, 2008 through August 12, 2008." Docket No. 1 at 2. Plaintiff alleges that he submitted a FOIA/Privacy Act request, and that the "FBI acknowledged locating the proper records and to [the date of filing of the complaint] claim the request is in 'the perfected backlog' and 'awaits assignment to a Government Information Specialist for further processing.'" *Id.* Plaintiff further alleges that he first submitted his request on June 19, 2015, and that he has been informed since October 29, 2015, that his request is in the "'perfected backlog'" waiting for an analyst. *Id.* at 4.

FOIA calls for "broad disclosure of Government records." *CIA v. Sims*, 471 U.S. 159, 166 (1985). To ensure broad disclosure, FOIA "gives individuals a judicially-enforceable right of access to government agency documents." *Lion Raisins v. Dep't of Agric.*, 354 F.3d 1072, 1079 (9th Cir. 2004), *overruled on other grounds in Animal Legal Defense Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 989-90 (9th Cir. 2016); 5 U.S.C. § 552. FOIA provides, in relevant part,

that: "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). There is a strong presumption in favor of disclosure. *See U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). This "general philosophy of full agency disclosure [applies] unless information is exempted under clearly delineated statutory language," and these exemptions must be narrowly construed. *John Doe Agency v. John Doe Corp.,* 493 U.S. 146, 151-52, 154 (1989) (quotation marks and citation omitted). The Privacy Act "safeguards the public from unwarranted collection, maintenance, use and dissemination of personal information contained in agency records ... by allowing an individual to participate in ensuring that his records are accurate and properly used, and by imposing responsibilities on federal agencies to maintain their records accurately." *Bartel v. FAA*, 725 F.2d 1403, 1407 (D.C.Cir.1984). "One of the ways the Privacy Act accomplishes this goal is to require any agency that maintains a "system of records" to provide information pertaining to a particular person to that person when he or she asks to access it. 5 U.S.C. § 552a(d)(1). . . . [L]ike FOIA, the Privacy Act provides for a cause of action to compel compliance [under Section 552a](d)(1)." *Mobley v. C.I.A.*, 806 F.3d 568, 586 (D.C. Cir. 2015).

Plaintiff appears to be alleging that the delay of 17 months and counting was tantamount to a refusal by the FBI to produce the requested documents. Liberally construed, Plaintiff's allegations appear to state a cognizable claim under FOIA/Privacy Act and should proceed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (pro se pleadings must be liberally construed). Good cause appearing therefor,

1. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order upon the FBI. The Clerk also shall send a copy of the summons and complaint to Defendant's counsel, the United States Attorney for the Northern District of California, and to the Attorney General of the United States in Washington, D.C. The Clerk also shall send a copy of this order to Plaintiff.

2. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

  a. No later than **October 6, 2017**, Defendant must file and serve a motion for summary judgment or other dispositive motion. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion is due. If Defendant files a motion for summary judgment, Defendant must provide to Plaintiff a new *Rand* notice regarding summary judgment procedures at the time it files such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

  b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than **November 3, 2017**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

  c. If Defendant wishes to file a reply brief, the reply brief must be filed and served no later than **November 17, 2017**.

3. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If Defendant files a motion for summary judgment for failure to exhaust administrative remedies,

3

he is seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, Plaintiff's case will be dismissed and there will be no trial.

4. All communications by Plaintiff with the Court must be served on Defendant's counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to the defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to the party.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED**.

Dated: August 8, 2017

_____
EDWARD M. CHEN
United States District Judge

4